UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **XINZHI YANG**<br>31115 Hershey Way, Hayward, CA 94544<br><br>**PLAINTIFF**,<br><br>v.<br><br>**U.S. CITIZENSHIP and IMMIGRATION SERVICES,** Office of the Chief Counsel,<br>5900 Capital Gateway Drive, Mail Stop 2120, Camp Springs, MD 20588-0009<br><br>**KRISTI NOEM**, Secretary of Homeland Security, in her official capacity,<br>245 Murray Lane, SW, Mail Stop 0485<br>Washington, DC 20528-0485;<br><br>**JOSEPH B. EDLOW**, Director, U.S. Citizenship and Immigration Services, in her official capacity,<br>245 Murray Lane, SW, Mail Stop 0485<br>Washington, DC 20528-0485;<br><br>**PAMELA BONDI**, Attorney General of the United States, in her official capacity,<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br>**DEFENDANTS.** | Case No.<br><br>**PETITION FOR A WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY RELIEF** |

## I. INTRODUCTION

This is an action for mandamus and injunctive relief to compel Defendant U.S. Citizenship and Immigration Services ("USCIS") to adjudicate Plaintiff's long-pending Form I-485, Application to Register Permanent Residence or Adjust Status, filed pursuant to Plaintiff's approved EB-5 immigrant investor petition.

USCIS has unreasonably delayed adjudicating Plaintiff's application despite Plaintiff's full compliance with all statutory and regulatory requirements.

Plaintiff seeks an order compelling USCIS to complete adjudication of the Form I-485 without further delay.

## II. JURISDICTION AND VENUE

This action arises under the laws of the United States. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, 5 U.S.C. §§ 701–706, and 28 U.S.C. §§ 2201–2202.

USCIS owes Plaintiff a nondiscretionary duty to adjudicate Plaintiff's Form I-485 within a reasonable period of time.

This Court is authorized under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1)(A) and (B) because:

a. Defendant USCIS resides in this District and maintains its headquarters in Washington, D.C.; and

b. A substantial part of the events or omissions giving rise to this action occurred in this District.

USCIS formulates, directs, and implements national adjudication policies from its headquarters in Washington, D.C., including policies governing adjustment of status applications.

Accordingly, venue is proper in the United States District Court for the District of Columbia.

## III. PARTIES

Plaintiff, Mr. Xinzhi Yang, is an EB-5 immigrant investor residing in California.

Defendant U.S. Citizenship and Immigration Services is a federal agency within the Department of Homeland Security responsible for adjudicating adjustment of status applications.

Defendant Kristi Noem is the Secretary of the Department of Homeland Security ("DHS") and is sued in her official capacity. DHS oversees U.S. Citizenship and Immigration Services and is ultimately responsible for adjudicating adjustment of status applications.

Defendant Joseph B. Edlow is the Director of U.S. Citizenship and Immigration Services ("USCIS") and is sued in his official capacity. USCIS is the agency directly responsible for adjudicating Plaintiff's Form I-485.

Defendant Pamela Bondi is the Attorney General of the United States and is sued in her official capacity. The Attorney General is charged with enforcement of the Immigration and Nationality Act and is a proper defendant in actions seeking mandamus and injunctive relief related to immigration benefits.

Each Defendant has authority to implement the relief requested, and mandamus properly runs against these officers in their official capacities.

## IV. FACTUAL ALLEGATIONS

1. Plaintiff, Mr. Xinzhi Yang, lawfully entered the United States and has maintained lawful status.
2. Plaintiff invested the required capital and satisfied all EB-5 program requirements.
3. I-526E Petition was filed on January 28, 2025. Concurrently, as the visa was available, Plaintff submitted I-485 application seeking lawful permanent resident status.
4. USCIS issued a Receipt Notices acknowledging Plaintiff's applications.
5. USCIS approved Plaintiff's EB-5 petition on September 25, 2025.
6. Plaintiff completed biometrics and submitted all required documentation for I-485 application.
7. No Request for Evidence or Notice of Intent to Deny is pending.
8. Plaintiff's I-485 has now been pending for an unreasonable length of time.
9. Plaintiff has made inquiries regarding the status of the application and received only generic responses.
10. The delay has caused Plaintiff significant hardship, including immigration uncertainty, limitations on travel and employment, and emotional distress.
11. USCIS's failure to adjudicate Plaintiff's application serves no legitimate governmental purpose.

## V. COUNT I – MANDAMUS (28 U.S.C. § 1361) & DECLARATORY RELIEF

12. Plaintiff re-allege and incorporate by reference paragraphs above as if set forth here in full.
13. USCIS has a clear, ministerial duty to adjudicate Plaintiff's Form I-485.

14. Plaintiff has a clear right to a decision on the application.
15. USCIS has failed to act within a reasonable time.
16. The Mandamus Act, 28 U.S.C. § 1361, provides that District Courts shall have jurisdiction over any action in the nature of mandamus and may compel an officer or employee of the United States or any agency thereof to perform a duty owed to a petitioner.
17. Plaintiff's claim as set forth in paragraphs above qualify for mandamus relief because the statutory and Constitutional claims are clear, Defendants' duties are not in doubt, and no other adequate legal remedy is available.
18. Plaintiff seeks a declaration that USCIS's delay violates the Administrative Procedure Act and Mandamus Act.
19. The Declaratory Judgment Act, 28 U.S.C. § 2201, et. seq., provides the Court with the authority to declare the rights and other legal relations of any party.

## VI. COUNT II – ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. § 706(1))

20. Plaintiff re-allege and incorporate by reference paragraphs above as if set forth here in full.
21. USCIS's failure to adjudicate Plaintiff's Form I-485 constitutes agency action unlawfully withheld or unreasonably delayed. The Administrative Procedure Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. §555. A district court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).
22. The failure of USCIS to make a final adjudication on Plaintiff's application is arbitrary, capricious, and contrary to law.
23. Plaintiff is entitled to relief under 5 U.S.C. § 706(1).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grants the following:

a) Assume jurisdiction over this matter;
b) Declare that USCIS has unlawfully withheld or unreasonably delayed adjudication of Plaintiff's Form I-485;

c) Issue a writ of mandamus compelling USCIS to adjudicate Plaintiff's Form I-485 within a time certain;

d) Grant injunctive relief ordering USCIS to complete adjudication promptly;

e) Award Plaintiff costs and reasonable attorneys' fees under applicable law;

f) Grant such other and further relief as the Court deems just and proper.

Date: February 11, 2026                     Respectfully submitted,

s/ Marjan Kasra

MARJAN KASRA, ESQ

Attorney ID: CT0023

1200 Summer Street, Suite 102

Stamford, CT 06905

Tel: (203) 722-7146

marjan@lawmaks.com

Attorney of Plaintiff
